# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

EARL BOWMAN,

        Plaintiff,

v.                                                  CIV 98-1255 BB/KBM

KENNETH S. APFEL,
Commissioner of Social Security,

        Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court upon Plaintiff's (Bowman's) Motion to Reverse or Remand the Administrative Decision, filed with the Court July 29, 1999. The Commissioner denied Bowman's claim for disability insurance benefits and for supplemental security income. Having reviewed the pleadings, arguments, administrative record and relevant law, I find that the motion is well taken and should be granted. Specifically, I recommend reversal of the decision with an award of benefits for the reasons that follow.

### A.  Facts/Procedural Background

Bowman, now 46, applied for disability insurance benefits and supplemental security income July 24, 1994. [AR 24, 27] He alleged disability due to a back injury and major depression. [AR 58] After a hearing, the Administrative Law Judge (ALJ) found Bowman not disabled on the ground that Bowman could perform other work available in the regional or

national economies. [AR 17] The Appeals Council denied review of the ALJ's decision. [AR 5] The Appeals Council's denial made the ALJ's decision the final decision of the Commissioner for purposes of review. Bowman now seeks this Court's review pursuant to 42 U.S.C. § 405(g).

### B. Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health & Human Serv.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) citing 42 U.S.C. § 423(d)(1)(A). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is not disabled. *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment

2

meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.*

**C. Discussion**

Bowman contends and the Commissioner concedes, that the Commissioner failed to meet the burden imposed at step five. [MIS 11, RES 2] They disagree, however, on whether the appropriate remedy is remand or reversal. [RES 1, REP 1] The Commissioner urges that the error requires remand so that the ALJ can develop the record through vocational testimony, which would properly incorporate all Bowman's limitations. [RES 3] I agree, however, with Bowman that the present substantial evidence compels the conclusion that Bowman's physical and mental impairments were disabling.

Paula Hughson, M.D., performed a consultative examination of Bowman and concluded, "From the standpoint of physical, mental and emotional ability to work this person is disabled." [AR 149] Though Dr. Hughson's opinion may not carry the same weight as that of treating physician, *Frey v. Bowen*, 816 F.2d 508, 514 (10th Cir. 1987), her opinion nonetheless constitutes substantial evidence. *See Glass*, 43 F.3d at 1395. Furthermore, and contrary to the Commissioner's assertion, Dr. Hughson's opinion is not brief, conclusory, or unsupported by the record as a whole. [RES 4] *See Castellano v. Secretary of Health & Hum. Serv.*, 26 F.3d 1027, 1029 (10th Cir. 1994). Her evaluation consists of five and a half single-spaced pages of

observations and analysis. [AR 145-50]   It is consistent with Bowman's testimony and is not contradicted by anything substantial in the record.

In that vein, the work activity Bowman engaged in, and which the Commissioner cites [RES 4], is so minimal and intermittent that it demonstrates Bowman's disability far more than it shows any remaining ability to work.  [AR 71, 85, 91, 137, 142, 204]   Moreover, at the administrative hearing, the vocational expert testified that when he considered Bowman's depression in the hypothetical question with Bowman's physical limitations that the ALJ accepted as true, it eroded the rest of the jobs that existed in the economy.  [AR 242]   Bowman's "positive outlook regarding his therapy and the possibility of being 'retrained' to do some other type of work" is evidence only of his motivation to work in the future if possible.  It shows nothing of his present ability to work.  Thus, I find that Bowman was disabled as the Commissioner defines the term.

### D.  Conclusion

Based on the foregoing, substantial evidence supports the conclusion that Bowman was disabled and the Commissioner failed to show that Bowman could do other work in the regional and national economies.  Bowman filed his initial claim for benefits more than five years ago, and any further delay would be intolerable.  Therefore, I recommend reversal of the ALJ's decision with instructions to the Commissioner to award Bowman all benefits to which he is entitled for his disability.  *See Dixon v. Heckler*, 811 F.2d 506, 511 (10th Cir. 1987) (court has discretion to reverse the Commissioner's decision and to direct award of appropriate benefits).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE

**Counsel for Plaintiff:**

Barbara Jarvis
Albuquerque, NM

**Counsel for Defendant:**

Joan M. Hart
Albuquerque, NM